Mr. Thurlo Cobb Fleet Services, Dept. of Human General Services City of Little Rock 3314 J.E. Davis Drive Little Rock, Arkansas 72209
Dear Mr. Cobb:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B) (Cum. Supp. 1993), on whether the decision of the City of Little Rock with respect to the release of your personnel file is consistent with the Arkansas "Freedom of Information Act" ("FOIA"), A.C.A. 25-19-101 to -107 (Repl. 1992 and Cum. Supp. 1993). In the correspondence attached to your request, the City of Little Rock states that it intends to release your personnel file after excising the following items: any medical records or examinations; the background investigation conducted by the department when you were first under consideration for employment; and "all other personal information such as [your] telephone number, social security number, address, etc." The City of Little Rock also states, however, that it intends to release "any suspension letter already in your [personnel] file and any job performance record which form[ed] the basis of [an] earlier suspension."
With regard to the City of Little Rock's decision to excise your social security number and medical records from your personnel file prior to disclosure, it is my opinion that such action would be consistent with the FOIA. Section 25-19-105(b)(2) of the FOIA specifically exempts medical records, whether or not contained in a personnel file, from public disclosure. Additionally, this office has stated in previous attorney general's opinions that social security numbers should be excised from personnel records prior to release of the remainder of the records. See, e.g., Op. Att'y Gen. No. 93-055.
With regard to the city's intention to excise your telephone number and address from your personnel file prior to its release, it is my opinion that this decision may be contrary to the FOIA if the phone number and address are ones listed in a directory service. If, however, the address is unlisted or is protected by a court order, it is not subject to public disclosure and a decision to excise it from the personnel file would be consistent with the FOIA. See Op. Att'y Gen. Nos. 93-131; 90-335 (defining "unlisted number" as one that the individual in question has requested not to be given out through directory services).
As to the pre-employment background investigation and to "all other personal information" which the City of Little Rock intends to excise from your personnel file prior to its disclosure, I am unable to offer a definitive response as to whether this decision is consistent with the FOIA since I do not know what information is contained in the background investigation report or what is encompassed within the phrase "all other personal information." It is my opinion, however, that the investigation report would be considered a "personnel record" for purposes of the FOIA and that the city's blanket denial of access to this record may be inconsistent with the FOIA. Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A.25-19-105(b)(10). Thus, the appropriate procedure for the city to follow with respect to the background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) and make the remainder of the investigation available for inspection and copying. Similarly, "all other personal information" contained in personnel records in your file would be exempt only to this extent. While, as stated above, I cannot opine on this matter specifically, I will set forth below the FOIA requirements as they relate to personnel records and the types of information contained in these records which generally fall within the "clearly unwarranted invasion of personal privacy" exemption.
Although they are considered "public records" within the meaning of the FOIA, personnel records, as stated above, are exempt from public disclosure under A.C.A. 25-19-105(b)(10) "to the extent that disclosure would constitute [a] clearly unwarranted invasion of personal privacy." As such, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from personnel records and the remainder of the records made available for inspection and copying. While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen.87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." In this regard, federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail or if it involves private facts. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
Additionally, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting the Georgetown Law Journal, the court stated the following:
 "[P]ersonal matter" ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington Post Co.,456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical (as stated earlier), scholastic, adoption or tax information, are exempted by specific provisions of the FOIA. See A.C.A. 25-19-105(b).
Thus, while I unable to provide a definitive answer as to the disclosure of the pre-employment background investigation report and of what the city refers to as "all other personal information," the above referenced cases should offer some guidance in determining the types of data which may be excised from personnel records prior to disclosure. Any exempt information in the personnel file should be deleted by the city and the remainder made available for inspection and copying.
Finally, with regard to the City of Little Rock's decision to release "any suspension letter already in your [personnel] file and any job performance record which form[ed] the basis of [an] earlier suspension," I am, again, unable to offer a definitive response since I am unclear as to exactly what records are involved and whether all of the requirements for the disclosure of these records have been met. Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. 25-19-105(c)(1). All of these factors must be present in order for the records to be disclosed. This office has opined in previous attorney general's opinions that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Op. Att'y Gen. Nos. 91-324, 91-303.
Applying the precepts noted in the foregoing paragraph, it is my opinion that any "suspension letters" in your personnel file to which the city refers would be considered "job performance records" for purposes of the FOIA. If there are indeed such letters in your personnel file, thus presumably evidencing the fact of suspension, a suspension letter might be subject to disclosure if the city determines with respect to each letter that final administrative resolution of the suspension has occurred, that the suspension letter formed the basis for the suspension, and that there is a "compelling public interest" in its disclosure at this time. As I have not been provided with any suspension letter which may be in your file or with any facts surrounding a suspension which may have occurred, I cannot, as stated earlier, determine whether any such records would be subject to disclosure. The same is true for any other job performance records which may be in your personnel file. The general test set forth above with respect to job performance and employee evaluation records is, however, the test that should be utilized by the city in making a determination with respect to the disclosure of such records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh